**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| NORMAN JAMES, | ) ) ) | |
| PLAINTIFF, | ) ) ) | |
| v. | ) ) | Civ. No. 13-cv-1789 (KBJ) |
| UNITED STATES OF AMERICA, *et al.*, | ) ) ) ) | |
| DEFENDANTS. | ) ) ) | |

## MEMORANDUM OPINION

In August of 2013, pro se Plaintiff Norman James ("James") filed an action in the Superior Court of the District of Columbia related to two alleged incidents of police misconduct. (*See* Attach. to Suppl. Mem. to Mot. for Summ. J., ECF No. 12, at 34 ("Compl."); Superior Court Original File, ECF No. 3-1 at 34 ("Am. Compl.").)[1] James maintained, first, that Officer Lee of the Metropolitan Police Department ("MPD") had improperly detained him and had mistakenly accused him of assault when James attempted to assist a woman who was crying on the street. (Compl.) James also alleged that, when he went to Superior Court to file a lawsuit related to that initial miscarriage of justice, another officer questioned him about his possible association with an individual who had just been arrested in the courthouse, and three U.S. Marshals, one FBI agent, and two clerks who overheard the interaction allegedly laughed at James, purportedly defaming him. (Am. Compl.) James's amended complaint regarding both of these incidents—which was removed to federal court on November 14, 2013 (Notice

---

[1] Page numbers throughout refer to the numbers assigned by the Court's Electronic Filing System.

of Removal, ECF No. 1)—seeks one million dollars in damages from (1) the various state and federal law enforcement officers involved in the two events; (2) the person who was arrested in Superior Court; and (3) an individual named "Jose." (*Id.*)

Before this Court at present is the United States' motion to dismiss the complaint, in which it argues that this Court has no jurisdiction over James's action because the United States has not waived sovereign immunity for the defamation claims. (Mot. to Dismiss, ECF No. 2, at 3.)[2] Because this Court agrees that it lacks jurisdiction over James's claims against the United States, the United States' motion to dismiss is **GRANTED**. Moreover, as explained below, this Court concludes that James has failed to articulate any facts that state a plausible claim for relief against the remaining defendants in this matter. Accordingly, the entire case is **DISMISSED** with prejudice. A separate order consistent with this opinion will follow.

## I. FACTUAL BACKGROUND

James's handwritten complaints contain very little factual information and are difficult to decipher, but what can be gleaned about the relevant events, both from the original complaint and the amended complaint, is as follows.[3]

---

[2] Although James named individual federal officers as defendants in the initial complaint, counsel for several of the defendant officers attached a "Westfall Certification" to the Notice of Removal. Under the Federal Employees Liability Reform and Tort Compensation Act of 1988—commonly known as the Westfall Act—federal employees are afforded "absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." *Osborn v. Haley*, 549 U.S. 225, 229 (2007) (citing 28 U.S.C. § 2679(b)(1)). When a federal employee is sued for a tort, the Attorney General or his designee can certify that the employee "was acting within the scope of his office or employment at the time of the incident out of which the claim arose." 28 U.S.C. § 2679(d)(1), (2). Such certification "constitute[s] *prima facie* evidence that [a federal] employee was acting within the scope of his employment." *Council on Am. Islamic Relations v. Ballenger,* 444 F.3d 659, 662 (D.C. Cir. 2006) (per curiam). Moreover, "[u]pon the Attorney General's certification, the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee." *Osborn*, 549 U.S. at 230.

[3] In the normal course, the Court would consider only the allegations and claims presented in the amended complaint. *See Anderson v. USAA Cas. Ins. Co.*, 218 F.R.D. 307, 311 (D.D.C. 2003) (noting

2

On an unspecified date, James alleges that he heard a shirtless and shoeless woman crying near the Government Printing Office ("GPO"), and that he requested assistance for her from two nearby GPO police officers. (*See* Compl.; Am. Compl.) James asserts that the officers accused him of assaulting the woman (Compl.) and "refused to give their names" (Am. Compl.). He further asserts that MPD Officer Lee placed him "in handcuffs" and that the officers "put the [woman] in the back seat of the car." (Compl.) Thereafter, James filed a complaint in Superior Court of the District of Columbia arising from this incident, alleging that "[u]nnecessary force and false accusation was used by the police." (*Id.*)

The amended complaint alleges additional facts arising out of James's trip to the courthouse to file his civil complaint. Specifically, James states that "after walking from the judge's chamber to the Civil Division[,]" an unnamed officer came into the courthouse and arrested an individual named "Chris Walker." (Am. Compl.) That officer then asked James—who was a total bystander—if he was with Walker (the arrestee). The complaint does not provide any additional details regarding that interaction, but James alleges that two clerks, three unnamed U.S. Marshals and one FBI agent then laughed at him, which, according to the complaint, constituted defamation. (*Id.*) James then amended his initial complaint to include this incident.

A Notice of Removal was filed in this matter on November 14, 2013, and as a part of that Notice, the Chief of the Civil Division of the Office of the United States Attorney for the District of Columbia certified that the federal officers named in James'

---

that an amended complaint supersedes the original complaint, and thus becomes the operative complaint in the litigation). Because James is proceeding pro se, the Court will consider the allegations and claims presented in both complaints. *See Simon v. Bickell*, 737 F. Supp. 2d 10, 12-13 (D.D.C. 2010).

3

lawsuit "were acting within the scope of their employment as employees of the United States at the time of the alleged incidents." (Certification, Ex. B to Notice of Removal, ECF No. 1-2 ("Westfall Certification").)[4] Consequently, the United States has been substituted for the federal officers as a defendant in this matter, and this Court construes James's removed complaint as one that has been brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80, insofar as the federal defendant is concerned. *See Osborn*, 549 U.S. at 229-30 (when the Attorney General issues a Westfall Certification in a suit brought in state court, the "litigation is thereafter governed by the [FTCA]"); *see also* 28 U.S.C. § 2679 (establishing that a tort action against the United States must be treated as one brought under FTCA).

The United States has now moved to dismiss the claims against the federal defendant for lack of subject matter jurisdiction on sovereign immunity grounds. (*See* Mot. to Dismiss, ECF No. 2, at 3-4.) The motion also maintains that service was improperly effected in this case. (*Id.* at 4.)

## II. LEGAL STANDARDS

### A. Dismissal For Lack Of Subject Matter Jurisdiction

The United States contends that this Court has no subject matter jurisdiction to entertain James's defamation claim against it, and thus that the amended complaint's claims against it must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). *See* Fed. R. Civ. P. 12(b)(1). It is well-settled that the plaintiff bears the

---

[4] *See supra* n.2. Although James has made a blanket assertion to the contrary (Mem. in Supp. of Mot. to Respond, ECF No. 6 ("Pl.'s Opp."), at 12), his bald contention that the officers were *not* acting within the scope of their employment is insufficient to satisfy a plaintiff's burden of "'alleg[ing] sufficient facts that, taken as true, would establish that the defendant['s] actions exceeded the scope of [his] employment.'" *Wuterich v. Murtha*, 562 F.3d 375, 381 (D.C. Cir. 2009) (alterations in original) (quoting *Stokes v. Cross*, 327 F.3d 1210, 1215 (D.C. Cir. 2003)).

4

burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Halcomb v. Office of the Senate Sergeant-at-Arms of the U.S. Senate*, 209 F. Supp. 2d 175, 176 (D.D.C. 2002). Indeed, when it comes to Rule 12(b)(1), it is "'presumed that a cause lies outside [the federal courts'] limited jurisdiction,' unless the plaintiff establishes by a preponderance of the evidence that the Court possesses jurisdiction[.]" *Muhammed v. FDIC*, 751 F. Supp. 2d 114, 118 (D.D.C. 2010) (first alteration in original) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

"[T]he court must scrutinize the plaintiff's allegations more closely when considering a motion to dismiss pursuant to Rule 12(b)(1) than it would under . . . Rule 12(b)(6)." *Schmidt v. U.S. Capitol Police Bd.*, 826 F. Supp. 2d 59, 65 (D.D.C. 2011) (citing *Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003)). Still, the court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff, *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008), but it need not "accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations[,]" *Rann v. Chao*, 154 F. Supp. 2d 61, 64 (D.D.C. 2001).

### B. *Sua Sponte* Dismissal For Failure To State A Claim

"Ordinarily, the sufficiency of a complaint is tested by a [defendant's] motion brought under Rule 12(b)(6), which tests whether a plaintiff has properly stated a claim" upon which relief can be granted. *Bauer v. Marmara*, 942 F. Supp. 2d 31, 37 (D.D.C. 2013) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). But if the complaint's failure to state a claim for the purpose of Rule 12(b)(6) "is patent, it is practical and fully consistent with plaintiffs' rights and the efficient use of judicial

5

resources for the court to act on its own initiative and dismiss the action." *Bauer*, 942 F. Supp. 2d at 37 (internal quotation marks and citation omitted); *see also Best v. Kelly*, 39 F.3d 328, 331 (D.C. Cir. 1994); *Baker v. U.S. Parole Comm'n*, 916 F.2d 725, 726 (D.C. Cir. 1990). Moreover, under Rule 8(a), a court is authorized to dismiss a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

In deciding whether to dismiss a complaint for failure to state a claim, the court "must treat the complaint's factual allegations—including mixed questions of law and fact—as true and draw all reasonable inferences therefrom in the plaintiff's favor." *Epps v. U.S. Capitol Police Bd.*, 719 F. Supp. 2d 7, 13 (D.D.C. 2010) (citations omitted). However, the court need not accept as true inferences unsupported by the facts set out in the complaint or legal conclusions cast as factual allegations. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

### C. Standards For Pro Se Plaintiffs

In applying the legal standards addressed above, the Court is mindful of the fact that James is proceeding in this matter pro se. The pleadings of pro se parties are to be "liberally construed," and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal citations and quotation marks omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). "This benefit is not,

6

however, a license to ignore the Federal Rules of Civil Procedure." *Sturdza v. United Arab Emirates*, 658 F. Supp. 2d 135, 137 (D.D.C. 2009) (citation omitted); *McNeil v. United States*, 508 U.S. 106, 113 (1993). This means that even a pro se plaintiff must meet his burdens of proving subject matter jurisdiction and stating a claim for relief. *See, e.g.*, *Budik v. Dartmouth-Hitchcock Med. Ctr.*, 937 F. Supp. 2d 5, 11 (D.D.C. 2013) ("[E]ven though a *pro se* complaint must be construed liberally, the complaint must still 'present a claim on which the Court can grant relief.'" (quoting *Chandler v. Roche*, 215 F. Supp. 2d 166, 168 (D.D.C. 2002))); *Green v. Stuyvesant*, 505 F. Supp. 2d 176, 177 (D.D.C. 2007) (dismissing complaint where pro se plaintiff failed to prove subject matter jurisdiction).

## III. ANALYSIS

### A. James's Claims Against The United States

The FTCA waives the sovereign immunity of the United States with respect to "claims arising from certain torts committed by federal employees in the scope of their employment." *Sloan v. Dep't of Housing & Urban Dev.*, 236 F.3d 756, 759 (D.C. Cir. 2001) (citing 28 U.S.C. §§ 1346(b), 2674); *see also Peter B. v. Unites States*, 579 F. Supp. 2d 78, 82 (D.D.C. 2008) ("The [FTCA] waives the sovereign immunity of the United States with respect to some, but not all, torts." (internal quotation marks and citations omitted)). The statute generally states that "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances," 28 U.S.C. § 2674; however, there are enumerated exceptions to this acceptance of liability, and courts have long held that "[t]he statute's waiver is limited, and it explicitly [does not apply

7

to] suits against the United States with regards to claims of 'libel, slander, misrepresentation, deceit, or interference with contract rights.'" *Smalls v. Emanuel*, 840 F. Supp. 2d 23, 33 (D.D.C. 2012) (quoting 28 U.S.C. §2680(h)). Where a claim falls within one of the enumerated exceptions to the FTCA's waiver of sovereign immunity, this Court has no subject matter jurisdiction. *See Colbert v. U.S. Postal Serv.*, 831 F. Supp. 2d 240, 242 (D.D.C. 2011) ("'Sovereign immunity is jurisdictional in nature.' Therefore, '[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.'") (quoting *Fed. Deposit Ins. Corp. v. Meyer,* 510 U.S. 471, 475, (1994) (alteration in original) (internal citation omitted).

Here, James contends that officers of the United States falsely accused him of assaulting the woman (Compl.) and also "defamed" him when he undertook to file a lawsuit in Superior Court (Am. Compl.). These allegations are in the nature of claims of libel or slander. *See Smith v. United States*, No. 02cv4318, 2004 WL 1701036, at *4 (D. Minn. July 29, 2004) (where plaintiff alleged that co-workers falsely accused him of sexual harassment, the claim was one for "libel, slander, or misrepresentation" and excluded from the FTCA's waiver of sovereign immunity); Rodney A. Smolia, 1 Law of Defamation § 1:11 (2d ed. 2014) ("[L]ibel is defamation by written or printed words, or by the embodiment of the communication in some tangible or physical form, while slander consists of communication of a defamatory statement by spoken words, or by transitory gestures.") Thus, they are plainly excluded from the FTCA's sovereign immunity waiver. Accordingly, this Court will dismiss James's false accusation and defamations claims against the United States for lack of subject matter jurisdiction. *See, e.g.*, *Council on Am. Islamic Relations v. Ballenger*, 444 F.3d 659, 666 (D.C. Cir.

2006) (affirming dismissal of defamation action under the FTCA for lack of subject matter jurisdiction); *see also Upshaw v. United States,* 669 F.Supp.2d 32, 44 (D.D.C. 2009) (same).

Moreover and in any event, this Court lacks subject matter jurisdiction over any tort claim that James may have against the United States arising from the events described in the amended complaint because, under the FTCA, a claimant must exhaust administrative remedies prior to filing a lawsuit. *See* 28 U.S.C. § 2675(a) (prohibiting the institution of a tort claim against the United States absent exhaustion of administrative remedies). This Court can only assert jurisdiction over the claim after the relevant federal agency has finally denied the claim. *Id.*; *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) (affirming dismissal of FTCA claim for lack of subject matter jurisdiction because "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); *Smalls*, 840 F. Supp. 2d at 35 ("Failure to comply with the administrative requirements of the FTCA deprives the Court of jurisdiction to hear the case."). James never filed a claim with any federal agency relating to any tort he claims the Federal Officers committed—a failure that is fatal to any tort claim brought in court against the United States.

**B. James's Claims Against MPD Officer Lee, "Chris Walker," and "Jose"**

In the caption of his amended complaint, James names three non-federal defendants: Metropolitan Police Department Officer Lee; an individual named "Jose," who is alleged to be an employee of "Security Assurance Management"; and "Chris Walker," who, according to the amended complaint, was the person arrested inside the Superior Court. Despite the fact that these people are listed in the caption of the

9

amended complaint, that document does not include any specific factual allegations that would provide these individuals with notice as to why James is suing them. Indeed, Jose is not even mentioned in James's amended complaint, and Walker is only described as a "robber" who was arrested in Lee's presence. On this basis alone, the complaint against these defendants is patently deficient and subject to *sua sponte* dismissal under Federal Rules of Civil Procedure 8(a) and 12(b)(6) for failure to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Nevertheless, because James is proceeding pro se, this Court has reviewed all of his filings in this matter in an attempt to discern the possible factual bases for James's decision to sue these specific individuals—an inquiry that would permit the Court to ascertain whether there is any cause to grant James leave to file a second amended complaint. This Court concludes that even the most generous reading of James's myriad filings provides no cause to grant leave to amend the complaint for various reasons.

First of all, with respect to the individual named "Jose," James's filings suggest that this defendant is "Jose Cortez," a "Security Guard" James allegedly asked to call for an ambulance to assist the crying woman, to no avail. (*See* Compl.; Pl.'s Mot. to Respond to Defenses [sic] Mot. 2nd Mot. to Dismiss, ECF No. 13 ("Pl.'s Suppl. Opp."), at 2; Mot. to Respond, ECF No. 15, at 1.) James characterizes this refusal as "inhuman," and maintains that it violates D.C. Code "22-1931" (Pl.'s Suppl. Opp. at 2), but the alleged facts do not state any plausible claim against Cortez based on this encounter. James's statement in another document—that "2 guys stole my sneakers from over my head in a black Camaro while Jose was on duty[,]"(Resp. to See

Attached, ECF No. 5, at 7)—likewise fails to establish any plausible claim against this defendant. Accordingly, the Court will dismiss all claims against "Jose." *Twombly*, 550 U.S. at 570.

With respect to Officer Lee, James states in various filings (other than the amended complaint) that Officer Lee is the officer who placed him in handcuffs on the evening he attempted to assist the crying woman. (*See, e.g.*, Compl.; Pl.'s Opp. at 10.) According to James, at some point, the officers on scene accused him of "assault" and of "pushing [the crying woman] on the concrete and making her eye swell." (Compl.; *see also* Suppl. Mem to Mot. for Summ. J., ECF No. 12, at 4 (recounting that one of the officers allegedly told James that the woman had accused him of pushing her); Pl.'s Opp. at 10 (alleging that Officer Lee told James that the crying woman "wanted to see someone in cuffs.").) In addition, Officer Lee purportedly handcuffed James and instructed him to sit "with [his] legs under the front bumper of a running police car." (Pl.'s Opp. at 10.) James states that once the crying woman was placed in an ambulance, Officer Lee removed the handcuffs. (*Id.*)

Even when these allegations are viewed in the light most favorable to James, however, the Court finds that James does not state a claim against Officer Lee under any theory.[5] In order to state a viable claim against a police officer in this context, James would have to bring his claim under Section 1983 of Title 42 of the United States Code, which requires an allegation that the officer's conduct deprived him of "rights, privileges, or immunities secured by the Constitution or laws of the United States." *Washington v. District of Columbia*, 802 F.2d 1478, 1480 (D.C. Cir. 1986); *see also*

---

[5] James states in one of his filings that he is claiming "defamation of character, false accusation, unnecessary force, age discrimination, racial profiling, kidnapping, gender discrimination, and false arrest." (Mem. in Supp. of Mot. to Respond at 9.)

11

*West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."); *Johnson v. King*, No. 08cv1181, 2008 WL 2699933, at *1 (D.D.C. July 8, 2008) (same). James makes no such allegation in any of his filings, nor could he, because the stated facts surrounding this incident—*i.e.*, a brief detention in handcuffs while the officers on the scene investigated the circumstances surrounding the crying woman's injury, her allegations against James, and her need for medical treatment—do not give rise to any plausible claim for relief. *See, e.g.*, *Graham v. Connor*, 490 U.S. 386, 396 (1989) ("Our Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it."); *Terry v. Ohio*, 392 U.S. 1, 24 (1968) (a police officer may make a brief investigatory stop and seizure of an individual where officer has reasonable grounds to believe "that criminal activity may be afoot."). James does not allege that Officer Lee used any force other handcuffs, nor does he claim any injury stemming from his detention, and what he *does* say in the complaint falls woefully short of establishing that Officer Lee acted unreasonably under the circumstances or used excessive force. *See Graham*, 490 U.S. at 395 ("[C]laims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness[.]'"); *see also, e.g.*, *Scott v. District of Columbia*, 101 F.3d 748, 759 (D.C. Cir. 1996) (police officers acted reasonably and did not use excessive force when they allegedly slammed arrestee

into the ground, put their knees on arrestee's neck, back, and lower legs, and dragged him to transport vehicle); *Martin v. Malhoyt*, 830 F.2d 237, 262 (D.C. Cir. 1987) (police officer did not act unreasonably and did not use excessive force where officer allegedly slammed car door on arrestee's leg).

And even if the facts that James alleges could somehow qualify as a deprivation of rights for the purpose of Section 1983, the Court has little doubt that Officer Lee would be entitled to qualified immunity. *See Cotton v. District of Columbia*, 541 F. Supp. 2d 195, 203-04 (D.D.C. 2008) (officer who forced a woman to the ground and handcuffed her while conducting a *Terry* stop was entitled to qualified immunity because officer had "reasonable, articulable suspicion of criminal conduct" and his "conduct was objectively reasonable") (internal quotation marks and citation omitted). Because James has not even hinted at any viable claim against Officer Lee, this defendant must be dismissed from the action as well.

Finally, with respect to the only remaining defendant ("Chris Walker"), James's various filings are entirely devoid of any allegation of fact that would provide any basis for a lawsuit brought against this individual. James's failure in this regard requires dismissal of that defendant from the complaint. *See, e.g.*, *Hilska v. Jones*, 217 F.R.D. 16, 24 (D.D.C. 2003) (dismissing claims against individual named in caption where plaintiff made no mention of that individual in the text of the complaint).

## IV. CONCLUSION

For the foregoing reasons, this Court has no jurisdiction over James's defamation claim against the United States, and James has failed to state a plausible claim for relief against any of the other defendants named in this matter. Accordingly, pursuant to

13

Rules 8(a), 12(b)(1), and 12(b)(6), and as stated in the accompanying order, James's complaint is **DISMISSED** in its entirety, with prejudice.

Date: June 13, 2014                   *Ketanji Brown Jackson*
                                      KETANJI BROWN JACKSON
                                      United States District Judge